IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE D. MATTHEWS,           )
                              )
        Plaintiff,            )
                              )
v.                            )    CIVIL ACT. NO.  2:15cv35-CSC
                              )              (WO)
DON TERRY AND ASSOCIATES,     )
                              )
        Defendant.            )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Willie Matthews ("Matthews"), an African-American male, brings this action against his employer Don Terry and Associates ("DTA") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), alleging that he suffered discrimination based on his race and age when he was terminated from his employment.  He also alleges that he was retaliated against for filing a complaint with the Labor Board and the Equal Employment Opportunity Commission ("EEOC").  DTA is the sole defendant in this action. The court has jurisdiction of these claims pursuant to the jurisdictional grants in Title VII and the ADEA, and its federal question jurisdiction.

This case is now pending before the court on the defendant's motion for summary judgment. (Doc. # 70).  The plaintiff has filed a response in opposition to the motion for summary judgment.  (Docs. # 74 & 75).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala.

LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. After careful review of the motion for summary judgment, the plaintiff's response, and the evidentiary submissions in support of and in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.[1]

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the  pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute[2]] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine

---

[1] The court could summarily grant the defendant's motion for summary judgment because the plaintiff's response, submitted in opposition to the motion, is not sworn. The plaintiff was specifically advised on how to properly respond to the defendant's motion for summary judgment. *See* Doc. #71. However, out of an abundance of caution, the court will address the specific arguments presented by the parties.

[2] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." FED.R.CIV. P. 56(a), Advisory Committee Notes, 2010 Amendments.

2

[dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324.

Once the movant meets its evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Celotex*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return

a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.,* 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will

preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## III. FACTS[3]

The court's recitation of the facts is admittedly sparse. That is due to the manner in which the parties, one of whom is a *pro se* plaintiff, presented the case. Matthews began working for DTA in April 2006 as a security officer. On August 5, 2012, Captain Preyer, Matthews' new shift supervisor, called and accused Matthews of being late for his shift.[4] Preyer instructed Matthews to leave the job site, and to call Captain Chevy Garcia, the human resources manager for DTA, the next day. On August 6, 2012, Matthews called Garcia and requested to be paid for the missed shift and he requested apologies from Preyer, Garcia and DTA.

---

[3] At this stage of the proceedings, this court takes evidence presented consistent with FED. R. CIV. P. 56 by the non-movant as true and construes them in the light most favorable to Matthews. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.' Moreover, the court must avoid weighing conflicting evidence or making credibility determinations. Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'").

[4] The parties disagree about the nature and substance of the disagreement. Matthew contends that Preyer was yelling at him while Preyer asserts that Matthews was yelling and cursing. The dispute is not material because the undisputed evidence demonstrates that Matthews was simply sent home from his shift that evening; he was not terminated.

While it is undisputed that Garcia declined to pay Matthews or issue him an apology, the parties dispute whether Garcia told Matthews to turn in his uniforms or whether Matthews voluntarily quit his job. Matthews' last day of work was August 6, 2012.

Thereafter, Matthews filed a charge of discrimination and retaliation with the EEOC alleging that he had been discriminated against because of his race and age. He filed this lawsuit on January 16, 2015, alleging race and age discrimination and retaliation in violation of Title VII.

## IV. DISCUSSION

### A. Race Discrimination Claim

Title VII prohibits employers from discriminating in the terms and conditions of employment on the basis of race.[5] 42 U.S.C. § 2000e–2(a)(1). *See also Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995). In his complaint,[6] Matthews

---

[5] 42 U.S.C.A. § 2000e-2(a)(1) provides: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."

[6] Although Matthews contends that he was discriminated with respect to his wages and promotions, beyond his conclusory, vague assertion, he presents no facts in support of these claims. Without more, he has failed to demonstrate a prima facie case of failure to promote or disparate pay. Matthews points the court to no evidence that he was discriminated against with respect to promotions or pay due to his race or age. Matthews does not identify any promotions for which he was not considered and points to no comparators. The burden is on the parties to formulate arguments and grounds alleged in the complaint but not relied upon in responding to a motion for summary judgment are deemed abandoned. *See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994). Accordingly, the court concludes that the plaintiff has abandoned his failure to promote and disparate pay claims.

claims that DTA terminated him because of his race.[7]  Matthews bears the ultimate burden of proving that the defendant intentionally discriminated against him.  *Texas Dep't. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981).  This Circuit has consistently held that federal courts, in resolving discrimination claims, do not review the accuracy of an employer's employment decision.  *See e.g., Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1324 n.16 (11th Cir. 1998) (explaining that "Title VII is not a shield against harsh treatment at the workplace. . . .The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.") (citing *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984)).

To defeat the defendant's motion for summary judgment, Matthews must first establish a prima facie case of discrimination by one of three generally accepted methods: (1) presenting direct evidence of discriminatory intent; (2) presenting evidence to satisfy the four-part circumstantial evidence test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S.

---

[7]  DTA contends that it did not terminate Matthews but that he voluntarily quit his position. DTA points to the State of Alabama Department of Labor's determination in Matthews' unemployment compensation claim that demonstrate that Matthews voluntarily left his employment with DTA.  Under Alabama law, the doctrine of res judicata prevents Matthews from relitigating issues previously adjudicated in the unemployment proceeding.  *See Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 920 (Ala.2007) ("The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdictions as to the judgments of courts having general judicial powers.") "It is clear that the doctrine of collateral estoppel may be raised as a defense to a retaliatory-discharge claim to bar the relitigation of an issue raised and decided in an unemployment-compensation hearing."  *See Ex parte Buffalo Rock Co*., 941 So. 2d 273, 277 (Ala. 2006).  Given the lack of evidence supporting Matthew's claims, the court will treat those claims as arising from a termination.

792 (1973); or (3) presenting statistical proof.[8] *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).

To be successful, Matthews must first prove, by a preponderance of the evidence, a prima facie case of discrimination. *Burdine,* 450 U.S. at 252-53. Once Matthews establishes a prima facie case, DTA then has the burden of producing "some legitimate, non-discriminatory reason" for the challenged employment action. *See McDonnell Douglas,* 411 U.S. at 802. If DTA satisfies this burden, Matthews must then establish, by a preponderance of the evidence, that the articulated reasons were mere pretext for intentional discrimination. *Burdine,* 450 U.S. at 256. In the summary judgment context, Matthews needs only present evidence from which a trier of fact could conclude the defendant intentionally discriminated against him on a constitutionally impermissible basis.

The plaintiff pursues this action *pro se* and his pleadings are not a model of clarity.

---

[8] Direct evidence of discrimination "is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)). Statements of discriminatory intent may provide direct evidence of discrimination; however, "'only the most blatant remarks, whose intent could be nothing other than to discriminate' on the basis of some impermissible factor," can qualify as direct evidence of discrimination. *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (quoting *Carter*, 870 F.2d at 582). The Eleventh Circuit has severely limited the type of language constituting direct evidence of discrimination. *See*, *e.g.*, *Evans v. McClain of Ga., Inc*., 131 F.3d 957, 962 (11th Cir. 1997); *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 125 F.3d 1390, 1393-94 n.7 (11th Cir. 1997); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990). This Circuit holds that a plaintiff presents direct evidence of discrimination where "actions or statements of an employer reflect a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641-42 (11th Cir. 1998); *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997). "If an alleged statement at best merely suggests a discriminatory motive, then it is by definition only circumstantial evidence." *Schoenfeld*, 168 F.3d at 1266 (citing *Burrell*, 125 F.3d at 1393). Matthews does not present any direct evidence of intentional discrimination, nor has he presented any statistical evidence supporting a claim of intentional discrimination.

Although Matthews contends that he was terminated because of his race, he points the court to no evidence in support of this assertion. "Title VII addresses *discrimination*." *Ferguson v. Veterans Admin.*, 723 F.2d 871, 872 (11th Cir. 1984). Not all unpleasant or unfair employment practices are actionable under Title VII. "Title VII is not a shield against any kind of harsh treatment in the workplace," and it does not "require the employer to have good cause for its decisions." *Nix*, 738 F.2d at 1187. The court is not required to agree with the employer's proffered reasons for discharge. The relevant issue for Title VII purposes is not whether the employer's judgment or course of action is unreasonable, unfair, or erroneous, but whether the employer discriminated against the employee. *Id.* As long as the employer does not discriminate on an illegal basis, an employer is not in violation of Title VII for taking adverse action against an employee. While the plaintiff may disagree that his performance warranted termination, the court does not examine the reasonableness of the action. *Abel v. Dubberly*, 210 F.3d 1334, 1339 n.5 (11th Cir. 2000) ("Although termination may, to some, seem a draconian response given the level of the Plaintiff's offense, the reasonableness of [the defendant's] disciplinary policies are not a consideration."). Regardless of whether Matthews believes that the defendant should not have terminated him, he has presented no evidence from which the court may conclude that the decision to terminate him was motivated by an impermissible reason. Thus, the court concludes that the plaintiff has failed to establish a prima facie case of race discrimination and the defendant is entitled to summary judgment on this claim.

**B. Age Discrimination Claim**

Matthews also asserts a claim of age discrimination.

> To make out a prima facie case of age discrimination, the plaintiff must show four things: "(1) that []he was a member of the protected group of persons between the ages of forty and seventy; (2) that []he was subject to adverse employment action; (3) that a substantially younger person filled the position that []he sought or from which []he was discharged; and (4) that []he was qualified to do the job for which []he was rejected." *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1359 (11th Cir.1999).

*Kragor v. Takeda Pharm. Am.*, Inc., 702 F.3d 1304, 1308 (11th Cir. 2012)

According to Matthews, his termination was discriminatory because he was 48 years old when he was terminated. *See* Doc. # 45, Ex. 1, Matthews' Dep. at 81. The court concludes that Matthews has failed to establish a prima facie case of age discrimination because he has failed to demonstrate "a substantially younger person" filled his position. To survive the defendant's properly supported motion for summary judgment, the plaintiff must come forward with some evidence in support of his claim that his termination was based on his age. Matthews points to no evidence from which the court could conclude that he was replaced by a younger applicant or that his termination was in any way based on his age. The mere fact that Matthews was 48 years old insufficient to demonstrate that the conduct about which he complains was motivated by his age. "Employment discrimination claims all require proof of discriminatory intent." *Trask v. Sec., Dep't of Veterans Affairs,* 822 F.3d 1179, 1191 (11th Cir. 2016). After careful review, the court concludes that the plaintiff has failed to demonstrate a prima facie case of age discrimination, and the defendant's motion

for summary judgment is due to be granted.

## C.      Retaliation

Finally, Matthews alleges a separate claim of retaliation pursuant to Title VII[9] contending that DTA's assertion that he quit his job is simply a pretext for discharging him in retaliation for filing previous claims with the Labor Board and the EEOC.[10]  Under Title VII, employers are prohibited from discriminating against an employee who has either (1) opposed an employment practice made unlawful under Title VII or (2) made a charge, or participated in any manner in an investigation, proceeding, or hearing under Title VII.  42 U.S.C. § 2000e-3(a).

In order to establish a prima facie case of retaliation, Matthews must demonstrate that (1) he participated in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) there is some causal relationship between the two events.  *Trask*, 822 F.3d at 1193-94; *Clemons v. Delta Air Lines, Inc.*, 625 F. App'x 941, 944 (11th Cir.

---

[9]  Title VII provides, in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a) (1982).

[10]  Neither party submitted to the court, either in support of or in opposition to summary judgment, the complaint to the Labor Board or an EEOC charge filed before Matthews left DTA.

2015). "Title VII retaliation claims require proof that "[the] protected activity was a but-for cause of the alleged adverse action by the employer." *Trask*, 822 F.3d at 1194 *quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. —, 133 S.Ct.2517, 2534 (2013). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 2533. Finally, "[t]o establish a causal connection, the plaintiff must show that the decisionmaker was aware of his protected conduct, and that the protected activity and adverse action were not wholly unrelated." *Clemons*, 625 F. App'x at 945.

Even if Matthews can establish that he was engaged in statutorily protected activity before he was terminated, his retaliation claim still fails because he has failed to demonstrate that his earlier filings of complaints were the "but-for cause" of his termination or a causal connection between his previous complaints and his August 2012 termination.[11] The plaintiff alleges no facts that demonstrate that the filing of his earlier complaints were the but-for cause of his termination. Matthews have failed to demonstrate temporal proximity to establish causation. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (holding that a plaintiff may show causation by demonstrating "close temporal proximity" between the protected activity and the adverse employment action). Mere temporal proximity, without more, must be "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

---

[11] It is undisputed that Matthews filed an EEOC complaint and a claim for unemployment benefits AFTER his employment with DTA ended. However, these complaints cannot form the basis of a retaliation claim because those complaints were made after Matthews left DTA.

A three-month interval between the protected activity and the adverse action is insufficient to establish causation.  *Clemons*, 625 F. App'x at 945; *Thomas v. Cooper Lighting*, 506 F.3d 1361, 1364 (11th Cir. 2007); *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006).  Matthews does not state when he filed his earlier complaints which form the basis of his retaliation claims.  Absent that evidence, and without more, he has failed to demonstrate a causal connection, and herefore, he has failed to establish a prima facie case of retaliation.

## V. CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED and ADJUDGED that the defendant's motion for summary judgment (doc. # 70) be and is hereby GRANTED, and this case be and is hereby DISMISSED with prejudice.  All other pending motions are DENIED as moot.

A separate judgment will enter.

Done this 22nd  day of May, 2017.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE