IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE D. MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:15cv35-CSC |
| | ) | (WO) |
| DON TERRY AND ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On June 20, 2017, the plaintiff filed a motion for a new trial (doc. # 83). On June 21, 2017, he filed a notice of appeal. *See* Doc. # 79. The court retains jurisdiction to consider the plaintiff's motion, but concludes that the motion does not assert a basis for relief from judgment. *See Bapte v. W. Caribbean Airways*, 370 F. App'x 71, 73 (11th Cir. 2010) ("We have held that a district court retains jurisdiction to consider a Rule 60(b) motion for relief from judgment even after an appeal of the judgment from which relief is sought has been noticed. *See Parrott v. Wilson*, 707 F.2d 1262, 1266–67 n. 8 (11th Cir.1983) (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir.1976); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 698–99 (5th Cir.1955)).

Although Matthews styles his motion as a "Motion for New Trial," his motion seeks relief from the court's entry of judgment in favor of the defendants. *See* Doc. # 83. In his motion, Matthews asserts there is new evidence entitling him to relief. *Id.* FED.R.CIV.P. 60(b) provides that a party may be relieved from judgment based on "newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[1]  Matthews does not argue that the evidence he relies on is newly discovered, and indeed, all of it appears to be from 2004, 2005, 2012, 2013 and 2014. Matthews offers no explanation as to why this evidence was not available prior to the court's ruling on summary judgment.  Accordingly, upon consideration of the plaintiff's motion for a new trial and for good cause, it is

>ORDERED that the motion for a new trial (doc. # 83) be and is hereby DENIED.

Done this 5th day of July, 2017.

>/s/Charles S. Coody
>CHARLES S. COODY
>UNITED STATES MAGISTRATE JUDGE

---

[1] FED.R.CIV.P. 59(b) requires a motion for a new trial to be filed within 28 days of entry of judgment. Matthews' motion for a new trial is timely filed under FED.R.CIV.P. 59(b).